JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ACOSTA, an individual, | ) CASE NO. CV 12-03547 MMM (MANx) |
| Plaintiff, | ) |
| vs. | ) JUDGMENT AND PERMANENT |
| NUVISION FEDERAL CREDIT UNION, d/b/a E1 FINANCIAL CREDIT UNION; MUKAI MARAVILLA L.L.C., a California limited liability corporation; E-W SERVICES, INC., d/b/a E&W SERVICES, INC., a California corporation and subsidiary of EAST WEST BANK, INC., and HUNTINGTON COMMERCE CENTER, L.L.C., a California limited liability company, | ) INJUNCTION |
| Defendants. | ) |

On April 24, 2012, plaintiff Jesse Acosta filed this disability discrimination action against defendants NuVision Federal Credit Union ("NuVision"), Mukai Maravilla LLC, EW Services, Inc. ("Mukai"), Huntington Commerce Center LLC ("Huntington"), Atlantic Floral LLC ("Atlantic"), and Galleria Monterey Condominium Association, Inc. ("Galleria"). On July 9, 2013, Acosta dismissed his claims against Mukai, Huntington, Atlantic, and Galleria, leaving NuVision the sole defendant in the action. Acosta's claim against NuVision for failure to provide

full and equal access to its lending services on the basis of Acosta's disability, and failure to modify discriminatory lending policies, in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act"), was tried to a jury on October 22 to October 24, 2013. The jury found for Acosta and against NuVision on both of his claims. The court sat as the trier of fact, and heard the same evidence as the jury, for the purpose of evaluating Acosta's prayer for a permanent injunction against NuVision under the ADA and Unruh Act. On April 22, 2014, it entered an order concluding that Acosta was entitled to a permanent injunction. Accordingly,

IT IS ORDERED AND ADJUDGED:

1. That Acosta recover the sum of $160,000 from NuVision;

2. That NuVision shall modify any policies, practices, or procedures related to its lending services that discriminate against any member who is disabled (as that term is defined in the ADA and/or Unruh Act) by failing to provide the member full and equal access to its lending services unless NuVision is able to demonstrate that making the modifications required to provide the member with full and equal access to its services would fundamentally alter the nature of its lending services;

3. That NuVision hire an ADA consultant to train employees involved in the provision of lending services concerning their obligation under the ADA and Unruh Act to make reasonable modifications to loan policies, practices, and procedures to accommodate persons with disabilities where such modification would not fundamentally alter the services. The employees to be trained are to include all supervisors and managers in all lending departments, all employees in lending departments who have authority to approve or deny loans, and all supervisors and other employees who have authority to modify NuVision policies or practices to accommodate disabilities. NuVision shall notify the court and counsel for Acosta within 90 days of the date of entry of judgment of the identity of the consultant it

has hired by filing a report. The training by the ADA consultant must be completed within 160 days of the entry of judgment;

4. That NuVision modify its existing training modules on federal anti-discriminatory regulations to include training on employees' ADA and Unruh Act obligations related to its lending services. Such training is to be incorporated in NuVision's annual training on anti-discriminatory federal regulations. NuVision shall also modify any existing training modules on federal anti-discriminatory regulations for new employees involved in the provision of lending services to include training on employees' ADA and Unruh Act obligations related to NuVision's lending services;

5. That NuVision develop a written policy concerning modification of NuVision policies, practices, and procedures to accommodate the disability of a member to which employees can refer when they receive a request for modification from a member. The written policy must identify, by title or position, the individuals employees should contact concerning a modification request and the individuals who have authority to approve modifications;

6. That unless otherwise specified, NuVision must take all of the actions required by this judgment no later than 180 days after the date of entry of judgment and continue such actions as are necessary to comply with this injunction as long as the ADA and/or Unruh Act remain in effect; and

7. That this permanent injunction takes effect immediately.

DATED: April 22, 2014

　　　　　　　　　　　　　　　　　　　　　　　　　
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

3